**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

DeAngalique Cobb,

Plaintiff,

v.

Las Vegas Police Dept.,

Defendant.

Case No. 2:26-cv-02972-ART-DJA

**Order**

Pro se Plaintiff DeAngalique Cobb has filed an application to proceed *in forma pauperis* (which means, to proceed without paying the filing fee). (ECF No. 1). However, Plaintiff's application is missing certain information. The Court thus denies Plaintiff's application without prejudice and will give Plaintiff another chance to apply to proceed *in forma pauperis* or to pay the filing fee.

The Court also notes that Plaintiff has not attached a complaint to her application. Under Federal Rule of Civil Procedure 3, a civil action is commenced by filing a complaint with the Court. So, Plaintiff must attach a complaint to any renewed application to proceed *in forma pauperis* or file one when paying the filing fee.

## I. **Discussion.**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide

himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co*., 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed *in forma pauperis*. *See, e.g*., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg*., No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

Plaintiff has not filled out question 1, which question asks if Plaintiff is incarcerated. While the Court can infer that Plaintiff is not incarcerated based on her address on the docket, Plaintiff must affirmatively state so, rather than leaving the Court to guess. Plaintiff also leaves the first part of question 2 blank. That question asks Plaintiff to list her employer's name and address. Plaintiff responds to the remainder of question 2 that she receives $1263.00 per month in gross and take home pay, but does not list her employer. Plaintiff also leaves almost all of the checkboxes in question 3 blank without responding whether she does nor does not receive income from the sources listed. She marks one box yes, indicating that she receives disability or worker's compensation payments. But she fails to complete the rest of the question by describing that source of money and the amount that she received and what she expects to receive in the future.

In response to question 5, Plaintiff claims to have no assets and in response to question 6, Plaintiff claims to have no monthly bills. However, on the docket, Plaintiff includes an address. Public records reveal that the address is a home. But Plaintiff does not indicate whether she owns

a home, if she pays a mortgage or rent, whether she pays any utility bills, or how she lives given her claim to pay no bills. In response to question 7, Plaintiff lists seven individuals who rely on her for support. However, she does not list how much she contributes to their support. Finally, Plaintiff leaves question 8 blank without indicating whether or not it applies to her.

Given these issues, it appears that Plaintiff has omitted information from the application. The Court therefore cannot determine whether Plaintiff qualifies for *in forma pauperis* status. The Court will give Plaintiff one opportunity to file a complete *in forma pauperis* application. The Court further orders that Plaintiff may not respond with a zero or "not applicable" in response to any question without providing an explanation for each of the questions. Plaintiff also may not leave any questions blank. Plaintiff must describe each source of money that she receives, state the amount she received, and what she expects to receive in the future.

The Court denies Plaintiff's *in forma pauperis* application without prejudice. The Court gives Plaintiff 30 days to file an updated application. Plaintiff must fully answer all applicable questions and check all applicable boxes. Plaintiff may alternatively pay the filing fee in full. Plaintiff must also file a complaint along with any updated application or along with her filing fee. *See* Fed. R. Civ. P. 3.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff has until **October 22, 2026,** to file an updated application to proceed *in forma pauperis* as specified in this order or pay the filing fee. Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.

**IT IS FURTHER ORDERED** that Plaintiff has until **October 22, 2026,** to file a complaint.

///

///

///

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order and of the Short Form application to proceed *in forma pauperis* and its instructions.[1]

DATED: September 22, 2026,

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

[1] This form and its instructions can also be found at https://www.nvd.uscourts.gov/court-information/forms/ under Code AO 240.